THIS was a qui tain action of debt brought in the ■ District Court of Washington, by the plaintiff against the defendant, to recover a penalty imposed by am act of assembly. The whole case is stated in the following special verdict: “We find that by a commission of the “ peace bearing date the 21st December, 1776, Arthur “ Campbell the defendent was appointed a justice of the “ peace for the county of Washington, and as such on the “ 38th January, 1777, being the day appointed by an act « of assembly, for holding a court in said county, took “ the oaths of a justice of the peace, and a justice of the “ County Court in Chancery. That on the 31st day of u August, 1786, he the said Arthur was by virtue of au- “ thority of an act of assembly entitled ‘ an act to ex«tend the powers of the governor and council,’ removed “ from the office of a justice of the peace for the county “ aforesaid, for misconduct, by the governor with the “ advice of the council of state: [it then sets forth the M warrant of the governor, under the seal of the common- “ wealth, removing him from office, in fuse verba] where- *17 “ upon the said Arthur ceased to act as a justice of the “ peace: that in the year 1787, an act was passed entitled “ ‘ an act respecting the appointment of county court “ clerks, recommendation of surveyors, and for other “ purposes,’ declaring the act entitled 4 the act to extend “ the powers of the governor and council’ uneonstitution- “ al, inasmuch as by the former act, there is an interfer- “ ence between the executive, and judiciary, which “ ought to be separate and distinct, so that neither exer- “ cise the powers, properly belonging to the other, and “ therefore the same was repealed. Whereupon the said “ Arthur did on the 15th September, 1789, presume to “ execute the office of a justice of the peace, in and for “ the county aforesaid, by exercising the authority and “ performing sundry duties and functions, pertaining to “ the same, without being qualified as the law directs by “ virtue of any subsequent commission. We therefore “ find for the plaintiff three hundred pounds current “ money of Virginia, being the penalty inflicted on any “ person, who shall presume to execute the office of a “justice of the peace by an act entitled ‘an act for “ establishing county courts, and for regulating and settling the proceedings therein,’ without being qualified “ as directed by said act, if the law be for him; other- “ wise, we find for the defendant.”
*18 The question arising on this special verdict was adjourned; and at a General Court held November 19th, 1792, present, Parker, Henry, Roane ant! Nelson, judges, it was decided that “ the law is for the defendant,
ATe. This case is referred to by Judge Tucker in his edition of Blackstone’s Commentaries. See his appendix to the 1st Vol. 1st part, page 125, The ordinance of convention, which authorized the governor and council to remove from office a justice of the peace, for misfeasance in office, or disaffection to the commonwealth, on a fall and fair hearing of the parties, may be seen in the Chancellor's Revised, p. 37. See also the same book, p. 81, ch. 5th, sect. 4th, by which the governor and council is empowered to remove justices of the peace for misconduct, neglect of duty, or mal-practices. The act repealing this last law, is only to be found in the acts of 1787, ch. 23. But a1 though the executive cannot constitutionally remove a justice of the | t.ut from his office, yet he may be removed for misbehaviour in office by judgment of a superior court of law. See the case of the commonwealth against John Alexander, decided by the Genera! Conn. Tuae, 1808.